IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LISA BERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-872-D |
| | ) | |
| SSM HEALTH CARE OF OKLAHOMA, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court is Defendants' Motion to Strike Jury Demand on Plaintiff's COBRA Claim [Doc. No. 13]. The Motion seeks a determination that the Complaint asserts a claim governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, for which there is no right to a jury trial. Plaintiff has timely responded in opposition to the Motion, and the time for filing a reply brief has expired.

Plaintiff is a physician who was formerly employed by Defendants. She claims her employment was terminated in March 2014 in violation of the Americans with Disabilities Act as amended, 42 U.S.C. § 12101 *et seq.*; Oklahoma's Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101 *et seq.*; and a written contract of employment. Plaintiff also claims Defendants failed to provide notice of her right to benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161-69, and prevented her from securing continued health insurance coverage under an employee welfare benefit plan governed by

ERISA. For this COBRA violation, Plaintiff seeks "compensation for benefits and all other damages including civil penalties allowed by law." *See* Compl. [Doc. No. 1], ¶ 36. It is only this COBRA/ERISA claim that is the subject of Defendants' Motion. Defendants contend Plaintiff has no right to a jury trial on this claim, and they request an order striking Plaintiff's jury demand with regard to this claim.

Plaintiff disagrees with Defendants' position regarding her jury trial rights, arguing that the Tenth Circuit has not decided whether ERISA claims require a jury trial under the Seventh Amendment. Even if no right to a jury trial exists under ERISA, Plaintiff argues that the Seventh Amendment requires the use of an advisory jury to decide common factual issues among her claims and that the Court will be bound by the jury's findings when making an award of equitable or statutory remedies. Plaintiff contends Defendants' Motion is premature and her legal and equitable claims cannot be tried separately unless the jury's findings are given preclusive effect.

The Tenth Circuit has squarely held that an ERISA plan beneficiary "has no right to a jury trial on her § 1132(a)(1)(B) action for benefits." *Graham v. Hartford Life & Acc. Ins. Co.*, 589 F.3d 1345, 1357 (10th Cir. 2009); *see Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1162 (10th Cir. 1998). For the same reasons stated in these opinions, an action under § 1132(a)(1)(A) – which encompasses a claim under § 1132(c) to enforce COBRA rights – also does not require a jury trial. However, as agreed by all parties, Plaintiff's Complaint asserts other claims for which a Seventh Amendment right to a jury trial exists.

"'In such a situation, when a case involves both a jury trial and a bench trial, any essential factual issues which are central to both must be first tried to the jury, so that the litigants' Seventh Amendment jury trial rights are not foreclosed on common factual issues. Moreover, the court is bound by the jury's determination of factual issues common to both the legal and equitable claims.'" *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 965 (10th Cir. 2002) (quoting *Ag Servs. of Am., Inc. v. Nielsen*, 231 F.3d 726, 730 (10th Cir. 2000)). Further, "in fashioning equitable relief, a district court is bound both by a jury's explicit findings of fact and those findings that are necessarily implicit in the jury's verdict." *Bartee v. Michelin N. Am., Inc.*, 374 F.3d 906, 913 (10th Cir. 2004). Thus, while Defendant is correct that Plaintiff is not entitled to a jury trial on her COBRA claim, the Court's determination of that claim must be consistent with a jury's findings common to other claims.

For these reasons, the Court finds that Defendant's request to issue "an order striking Plaintiff's jury demand as it relates to her COBRA claim, and reserve the issue of the Court's resolution of Plaintiff's claim for damages under COBRA to a future date" is unworkable. *See* Motion, pp.2-3. At this stage of the case, the Court cannot say there are no common factual issues between Plaintiff's legal and equitable claims. Therefore, the Court's resolution of Plaintiff's COBRA claim must await a jury's findings.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Jury Demand on Plaintiff's COBRA Claim [Doc. No. 13] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 22nd day of May, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE